IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL ACTION NO.: 3:08-CV-00447

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) v. ) ) LAWYERS GLEN RETIREMENT LIVING ) CENTER, LLC, ) ) Defendant. ) _____ ) | COMPLAINT JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex/pregnancy, and to provide appropriate relief to Ashley Wilhelm. Specifically Plaintiff, Equal Employment Opportunity Commission (the "EEOC" or the "Commission") alleges that Defendant Lawyers Glen Retirement Living Center, LLC ("Defendant") discriminated against Ashley Wilhelm because she was pregnant.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been doing business in the State of North Carolina and the City of Charlotte, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Ashley Wilhelm filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From on or around October 31, 2006 until on or around March 7, 2007, Defendant engaged in unlawful employment practices at its facility in Charlotte, North Carolina, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) when, in accordance with its written "maternity policy," it reduced the work hours of Ashley Wilhelm, a Certified Nursing Aid, because she was pregnant. At the time that Wilhelm's hours were reduced, Wilhelm was fully capable of performing her job duties and was medically cleared to work without restrictions.

8.  The effect of the practice complained of in paragraph 7 above has been to deprive Ashley Wilhelm of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, female.

9.  The unlawful employment practice complained of in paragraph 7 above was intentional.

10. The unlawful employment practice complained of in paragraph 7 above was done with malice or with reckless indifference to the federally protected rights of Ashley Wilhelm.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from discriminating on the basis of pregnancy.

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant to pay Ashley Wilhelm back pay and/or lost wages, and provide any other equitable relief that the Court deems proper.

D.  Order Defendant to make whole Ashley Wilhelm by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to medical expenses, in amounts to be determined at trial.

E.  Order Defendant to make whole Ashley Wilhelm by providing compensation for pat and future nonpecuniary losses resulting from the unlawful practices complained of in

paragraph 7 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay Ashley Wilhelm punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel


/s/ Lynette A. Barnes_____
LYNETTE A. BARNES (N.C. Bar No. 19732)
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
129 W. Trade Street, Suite 400
Charlotte, NC 28202
Telephone: (704) 344-6880
Facsimile: (704) 344-6780
E-mail: Lynette.Barnes@eeoc.gov

/s/ Darrell E. Graham
DARRELL E. GRAHAM (MN Bar No. 290890)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
129 W. Trade Street, Suite 400
Charlotte, NC 28202
Telephone (704) 344-6885
Facsimile: (704) 344-6780
E-mail: Darrell.Graham@eeoc.gov