
FILED
CHARLOTTE, NC
NOV 1 9 2009
U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION 3:08-cv-00447 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CONSENT DECREE |
| LAWYERS GLEN RETIREMENT, LIVING CENTER, LLC | ) ) ) ) | |
| Defendant. | ) | |

The Equal Employment Opportunity Commission (the "EEOC") instituted this action against Lawyers Glen Retirement Living Center, LLC (the "Defendant"), pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The EEOC's complaint alleged that Defendant discriminated against Ashley Wilhelm by reducing her work hours because she was pregnant.

The EEOC and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of sex, including pregnancy, or any other protected category within the meaning of Title VII.

2. Defendant shall not discriminate or retaliate against any person because of their opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under the statute.

3. Defendant shall pay Ashley Wilhelm the sum of $20,000 in settlement of the claims raised in this action. Defendant shall make payment by issuing a check directly payable to Ashley Wilhelm. Payment of $12,000 shall be made within ten (10) days after the Court approves this Consent Decree, and Defendant shall mail the check to Ms. Wilhelm at an address provided by the EEOC. Defendant shall make one (1) additional payment of $8,000, thirty (30) following the first payment. Within ten (10) days after each check has been sent, Defendant shall mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of the check and proof of its delivery to Ms. Wilhelm.

4. Within ten (10) days of the entry of this Decree by the Court, Defendant shall eliminate from the employment records of Ashley Wilhelm any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 430-2007-02192 and the related events that occurred thereafter. Within fifteen (15) days of the entry of this Decree by the Court, Defendant shall report compliance with this provision to the EEOC.

5. If Defendant receives any inquiries regarding the employment of Ashley

Wilhelm, Defendant agrees to provide a neutral letter of reference, on company letterhead, in the form set forth on Exhibit A, and made part of this Decree. In lieu of an oral response, Defendant shall provide a copy of the aforementioned letter. Within ten (10) days of responding to any inquiry regarding the employment of Ashley Wilhelm, Defendant shall report compliance to the EEOC, including the name and address of the person or entity to which the letter was provided.

6. Within ninety (90) days of the entry of this decree by the Court, Defendant shall adopt, implement, and distribute a formal, written anti-discrimination policy, which shall include, but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against discrimination based on pregnancy; procedures for reporting discrimination; and a procedure for the thorough and immediate investigation of employee complaints of discrimination. The policy should also state that Defendant is not permitted to reduce the hours of any employee who has suffered a temporary medical condition, including pregnancy, without first documenting specific examples of the employee's inability or failure to perform the essential functions of their job. Defendant shall distribute to each current employee a copy of the policy within the aforementioned 90 day time period. Within one hundred (100) days of the entry of this decree, Defendant shall report compliance to the EEOC by providing the EEOC a copy of the above referenced policy. Additionally, Defendant must keep the above referenced policy in place throughout the term of this Decree. Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

7. During the term of this Decree, Defendant shall post a copy of the policy described in paragraph six (6) above, in all of its facilities where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the

policy. Within thirty days (30) after the Consent Decree is entered, Defendant will post the policy and notify the EEOC that it has been posted.

8. During the term of this Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees in all of their facilities. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964 and its prohibition against pregnancy discrimination in the workplace. Each training program shall also include an explanation of the policy referenced in paragraph 6, *supra*, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred and twenty (120) days after entry of the Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall provide the EEOC with an agenda for the training program. Within ten (10) days after completion of each training program, Defendant shall certify to the EEOC the specific training which was undertaken and shall provide the EEOC with a roster of all employees in attendance.

9. Within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit B and made a part of this Decree, in a place where it is visible to employees at each of its facilities. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the EEOC that the Notice has been posted pursuant to this provision.

10. During the term of this Decree, Defendant shall provide the EEOC with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. Each report shall contain the information set forth below:

   a. The identities of all employees whom Defendant learned were pregnant, including by way of identification, each person's name, address, telephone number, position, and social security number;

   b. For each individual identified in paragraph 10(a) above, explain whether the individual's employment status has changed in any respect (including, but not limited to, termination, firing, demotion, reduction in hours, and job duty modification) after Defendant learned of employee's pregnancy; and

   c. For each individual whose employment status has changed as identified in paragraph 10(b) above, a detailed statement must be provided to the EEOC explaining why the individual's employment status has changed.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the EEOC a "negative" report indicating no activity.

11. The EEOC may review compliance with this Decree. As part of such review, the EEOC may inspect Defendant's facilities, interview employees and examine and copy documents.

12. If anytime during the term of this Decree, the EEOC believes that Defendant is in violation of the Decree, the EEOC shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may

be agreed upon by them, in which to engage in negotiation regarding such allegations before the EEOC exercises any remedy provided by law.

13. The term of this Decree shall be for four (4) years from its entry by the Court.

14. All reports or other documents sent to the EEOC by Defendant pursuant to this Decree shall be sent to: Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202.

15. Each party shall bear its own costs and attorneys' fees.

16. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate. The Decree shall expire by its own terms at the end of four (4) years without further action by the parties.

19 Nov 09
DATE

Graham C. Mullen
Judge, US District Court for the
Western District of North Carolina

The parties jointly request that the Court enter and approve this Consent Decree.

This the 28th day of October, 2009.

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff | LAWYERS GLEN RETIREMENT LIVING CENTER, LLC, Defendant |
| JAMES L. LEE<br>Deputy General Counsel | s/Richard B. Fennell<br>Richard B. Fennell (NC Bar 17398) |
| GWENDOLYN YOUNG REAMS<br>Associate General Counsel | JAMES, McELROY & DIEHL, P.A.<br>600 South College Street<br>Charlotte, North Carolina 28202 |
| LYNETTE A. BARNES (NC Bar 19732)<br>Regional Attorney | Telephone: (704) 372-9870<br>Facsimile: (704) 350-9319<br>Email: rfennell@jmdlaw.com |
| TRACY HUDSON SPICER (MD Bar 08671)<br>Supervisory Trial Attorney | ATTORNEY FOR DEFENDANT |

s/Edward O'Farrell Loughlin
EDWARD O'FARRELL LOUGHLIN
(Virginia Bar 70182)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, NW, 4th Floor
Washington, DC 20507
Telephone: (202) 419-0748
Facsimile: (202) 419-0739
Email: edward.loughlin@eeoc.gov

ATTORNEYS FOR PLAINTIFF

**[Defendant's letterhead]**

Date

TO WHOM IT MAY CONCERN:

We are pleased to provide the following reference on behalf of our former employee, Ashley Wilhelm. Ashley Wilhelm was employed by Lawyers Glen Retirement Living Center, LLC as a Certified Nursing Aide from October 17, 2005 to March 3, 2007.

We hope that this information about Ashley Wilhelm is helpful to you in considering her for employment.

Sincerely,


Charlotte Elliotte
Administrator
Lawyers Glen Retirement Living Center, LLC

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LAWYERS GLEN RETIREMENT<br>LIVING CENTER, LLC<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 3:08-cv-00447<br><br><br>**EMPLOYEE<br>NOTICE** |

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Lawyers Glen Retirement Living Center, LLC in a case of pregnancy discrimination. The EEOC alleged that Lawyers Glen discriminated against Ashley Wilhelm because she was pregnant in violation of Title VII of the Civil Rights Act of 1964. To resolve this claim, Lawyers Glen agreed to take actions set out in the Consent Decree.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits discrimination based on pregnancy or pregnancy related conditions.

3. Lawyers Glen will comply with such federal law in all respects. Furthermore, Lawyers Glen will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M. Street, NW, 4th Floor
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least four (4) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2013.

**EXHIBIT B**